UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANGELA VAUGHN <br><br> Plaintiff, <br><br> -v- <br><br> ENHANCED RECOVERY COMPANY, LLC <br><br> Defendant. | CASE NO.: 2:19-cv-00155 <br><br> JUDGE: <br><br><br> COMPLAINT <br> JURY DEMAND ENDORSED HEREON |

Plaintiff, Angela Vaughn, for her complaint against Enhanced Recovery Company, LLC ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described more fully in this complaint.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Southern District of Indiana and the events and/or omissions giving rise to the claims made in this complaint occurred within the Southern District of Indiana.

1

PARTIES

4. Plaintiff, Angela Vaughn ("Ms. Vaughn"), is a natural adult person residing in Terre Haute, Indiana, which lies within the Southern District of Indiana.

5. Ms. Vaughn is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Ms. Vaughn is a "person" as that term is defined by § 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Enhanced Recovery Company, LLC, is a foreign limited liability company incorporated in Delaware that is in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by § 24-5-0.5-2(a)(3) of the IDCSA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12. Ms. Vaughn obtained a copy of her credit report and noticed Defendant reporting a delinquent debt originally owed to Charter Communications for $242.00 (the "Subject Debt"). Relevant pages from Ms. Vaughn's Experian credit report, dated March 7, 2019, are attached to this complaint as Exhibit A.

13. On or around March 7, 2019, Ms. Vaughn accessed Defendant's website (https://pay.ercbpo.com/app/default.aspx) to obtain more information about the Subject Debt that was in collections (the "Payment Portal"). A screenshot of the Payment Portal is attached to this complaint as Exhibit B.

14. The Payment Portal also provides payment details with two tabs to which Ms. Vaughn could select to obtain further details: "Pay balance in Full," and "Contribute towards your balance" *See* Exhibit B.

15. On the Payment Portal, in order to accept payment from Ms. Vaughn, Defendant demanded a "Convenience Fee" of "$9.95" (the "Convenience Fee"). *See* Exhibit B.

16. The excessive Convenience Fee demanded by Defendant on the Payment Portal is not expressly permissible pursuant to any underlying contract between Ms. Vaughn and her original creditor or as a matter of law. *See* Exhibit B. The inclusion of a Convenience Fee created a false, deceptive and misleading representation as to the actual amount owed.

17. After a reasonable time to conduct discovery, Ms. Vaughn trusts she can prove that all actions by Defendant as defined in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

DAMAGES

18. Ms. Vaughn was misled by Defendant's collections actions on the Payment Portal as the Payment Portal charged an impermissible convenience fee.

19. Ms. Vaughn justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from her and that Defendant will continue to attempt to collect an impermissible convenience fee.

20. As a result of Defendant's conduct, Ms. Vaughn was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

21. As a result of Defendant's conduct, Ms. Vaughn is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

GROUNDS FOR RELIEF
COUNT I
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

22. All prior paragraphs are incorporated into this count by reference.

23. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or .means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

24. Defendant violated 15 U.S.C. § 1692e, e(2)(A), e(2)(B), e(10), f and f(1) in demanding a "Convenience Fee" on its Payment Portal. This fee is not authorized by any agreement or otherwise, and therefore Defendant's attempt to collect these fees without any further explanation of what that balance represented. Upon information and belief, Defendant was not entitled to collect the "Convenience Fee" from Ms. Vaughn in connection with the Subject Debt, ultimately attempting to induce a greater payment from her than it is otherwise entitled to collect.

25. Defendant knows that its representations to consumers concerning the fees being collected, and the consumer's rights under the FDCPA cannot be false, deceptive and/or

misleading. In this case, Defendant attempted to collect a "$9.95" Convenience Fee, above and beyond the $242.00 owed on the underlying Subject Debt. *See* Exhibits B. This Convenience Fee is impermissible and is an unfair practice as it is not authorized by an agreement or as a matter of law.

26. As set forth in paragraphs 18 through 21 above, Ms. Vaughn has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

COUNT II
VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
*I.C. §§ 24-5-0.5-3(a) and (b)(20)*

27. All prior paragraphs are incorporated into this count by reference.

28. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. § 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. § 24-5-0.5-3(b)(20).
>
> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. § 24-5-0.5-4(a)(1)(2).

29. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

30. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Ms. Keeler, in violation of I.C. §§ 24-5-0.5-3(a) and (b)(20), by, *inter alia*: Defendant knew the Convenience Fee is impermissible as it is not pursuant to an underlying agreement with the original creditor nor as a matter of law. Defendant intended Ms. Vaughn rely on its misrepresentations and/or deceptive means in order to induce payment for more than the Subject Debt.

31. Defendant intended that Ms. Vaughn rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

32. As set forth in paragraphs 18 through 21 above, Ms. Vaughn has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

33. Ms. Vaughn is therefore entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Angela Vaughn, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. § 24-5-0.5-4(a)(1)(2);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. § 24-5-0.5-4(a)(1)(2);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 2nd day of April, 2019.    Respectfully Submitted,

                                                     */s/ H. Joshua Chaet*
                                     H. Joshua Chaet #6206717
                                     David S. Klain #0066305
                                     CONSUMER LAW PARTNERS, LLC
                                     333 N. Michigan Ave., Suite 1300
                                     Chicago, Illinois 60601
                                     (267) 422-1000 (phone)
                                     (267) 422-2000 (fax)
                                     josh.c@consumerlawpartners.com

                                     *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                     */s/ H. Joshua Chaet*
                                     H. Joshua Chaet #6206717
                                     CONSUMER LAW PARTNERS, LLC